THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JULIO CRUZ, Defendant and Appellant.

No. 7741   Argued July 3, 1939.—Decided July 14, 1939.

*F. Zapater,* for appellant; *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Julio Cruz was sentenced to pay a fine of $50 and costs for a violation of Section 142 of the Penal Code. He ap-

pealed to this Court. In his brief he alleges various errors as committed by the lower court, among them that the facts alleged do not constitute a violation of Section 142 of the Penal Code. The complaint in its pertinent part states as follows:

"I, Ventura Barnés . . . file complaint against Julio Cruz for a violation of Section 142 of the Penal Code, committed in the following manner: That on November 29, 1938, in Ponce, Judicial Municipal District of Ponce, P. R., the said Julio Cruz, being an employee or member of the Commercial Partnership M. Colón Figueroa, Sucrs., against whom action No. 3615 was pending before Section 1 of the Municipal Court of San Juan, filed by M. Peña & Co., S. en C. for the collection of money, hindered and delayed the attachment of the bus No. C–923 which was the property of M. Colón Figueroa, Sucrs., S. en C., by hiding it and keeping it from the complainant who acting as Marshal of this Court, had just attached it in the aforementioned action."

▮▮▮▮ Knowing the text of the complaint let us see the statute allegedly violated:

"Section 142.—*Fraudulent Sale or Concealment of Goods.*—Every person against whom an action is pending or against whom a judgment has been rendered for the recovery of any personal property, who fraudulently conceals, sells, or disposes of such property with intent to hinder, delay, or defraud the person bringing such action or recovering such judgment, or with such intent removes such property beyond the jurisdiction of the courts in which it may be at the time of the commencement of such action or the rendering of such judgment, is punishable as provided in the preceding action."

The necessary light for the interpretation of the transcribed statute is given us by the initial phrase of the Section, to wit: "Every person against whom an action is pending or against whom a judgment has been rendered *for the recovery of any personal property.*"

So that in order that this statute be violated the concealment, sale, etc., delay or hindrance, must be in reference to an action "for the recovery of any personal property," "para la entrega o restitución de bienes muebles", as the Spanish text says, and from the complaint itself it appears

that the action to which it refers was one for the collection of money, the attachment order having been issued to secure the effectiveness of the judgment. According to Section 3 of the Penal Code, its provisions and Sections should be interpreted ''according to the fair construction of their terms, with a view to effect its object and to promote justice.''

We could not, without violating the letter and spirit of the act, decide that an attachment in an action for the collection of money is an action for the recovery of personal property. Therefore, we agree with the Prosecuting Attorney of this Court and with the defense, naturally, in that the facts alleged do not constitute a violation of Section 142 of the Penal Code, since the action involved is not one for the recovery of personal property.

The judgment appealed from should be reversed, and the accused acquitted.

Mr. Justice Travieso took no part in the decision of this case.